UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CAPITAL MARKETS TRADING GROUP, LLC,            CIVIL ACTION NO.
                                               3:02cv318(AVC)
    Plaintiff,

    v.

AIG INTERNATIONAL (BVI) LIMITED,

    Defendant.                                 March 8, 2004

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the discovery and pre-trial phase of this action (the "Action") may involve disclosure of confidential and proprietary information, trade secrets and information subject to a legally protected right to privacy, and

WHEREAS, the Court having found good cause to support the entry of this Order,

IT IS HEREBY STIPULATED AND AGREED by and between all parties to this Action, through their undersigned counsel, and so Ordered by the Court, that:

1.   This Confidentiality Stipulation and Protective Order (the "Order") shall govern the designation and handling of documents and information produced in this Action by any party or non-party and their counsel, including during the course of document discovery, interrogatories, depositions and any other discovery ("Discovery").

2.   For purposes of this Order, a "Producing Person" is any party or non-party who produces documents or information in this Action, and a "Receiving Person" is any party or non-party who receives documents or information in this Action.

3.   A Producing Person may designate as Confidential Material any documents or information provided by the Producing Person in the course of this Action that the Producing Person believes, in good faith, contains non-public, proprietary or confidential business, commercial, trade secret or personal information ("Confidential Material").

*March 11, 2004.*
*SO ORDERED.*
*Alfred V. Covello, U.S.D.J.*
*02cv318 2nd*

4. Confidential Material shall be designated as follows:

    a. Documents produced by the Producing Person shall be designated as Confidential Material at the time of production, and shall be so designated by affixing the word "CONFIDENTIAL" on the document in a location that makes the designation readily apparent.

    b. Written discovery responses, such as answers to interrogatories and responses to requests for admission, or any portion thereof, shall be designated by the Producing Person as Confidential Material at the time of the respons, and shall be so designated by affixing the word "CONFIDENTIAL" on the document, or portion thereof, in a location that makes the designation readily apparent.

    c. A deposition, or any portion thereof, and any transcript or recording thereof, shall be designated as Confidential Material on the record at the time of the deposition or by written notice to all parties to the Action, through their counsel, within seven business days of the deposition transcript becoming available to the designating party. The entire deposition, and transcript or recording thereof, shall be treated as Confidential Material until the expiration of such seven business day period.

    d. Any information that has not been reduced to documentary form may be designated as Confidential Material by written notice to all parties to the Action, through their counsel, of such designation.

    e. In the event of an inadvertent failure to designate documents or information as Confidential Material within the time provided by this paragraph, a Producing Person may subsequently designate such documents or information as Confidential Material by written notice to all parties to this Action, through their counsel.

Each party is obligated in turn to so notify any other person and/or entity who has received such documents or information. The terms of this Order shall thereafter apply to such documents or information.

5. A party may object to the designation of a document or information as Confidential Material as follows:

    a. The objecting party, in writing, shall notify the Producing Party of the specific documents or information at issue, request that the designation of such documents and information as Confidential Material be removed and assert a good faith basis for removing such designation.

    b. The Producing Person, by its counsel, shall respond in writing within five business days of receipt of such notice (or within such other period of time as may be designated by order of the Court or agreement of the parties). If the Producing Person refuses to remove the designation, its written response shall state the reasons for such response. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

    c. If the Producing Person refuses to remove the designation or does not respond to the request, the objecting party may file a motion for an order requiring that the Producing Person remove such designation.

    d. In the event of such a motion, the material at issue may be submitted to the Court for <u>in camera</u> inspection.

    e. In the event the Court orders that certain documents or information shall not be deemed Confidential Material, then, henceforth, such documents or information will not be subject to the restrictions imposed by this Order on the use of

Confidential Material.

6. If a party desires to include Confidential Material in an affidavit, memorandum of law or any other document served or filed with the Court in this Action,

a. The party shall place a "CONFIDENTIAL" legend on the page on which the Confidential Material appears,

b. If and when such document is filed with the Court, the party shall file the document under seal in the manner required by D. Conn. L. Rule 7(f) ("Sealed Documents").

c. All documents filed under seal pursuant to this Order shall be processed and retained by the Court in accordance with its rules, and shall be available to the Court and its personnel, to the parties to this Action and to counsel for the parties to this Action for viewing and/or copying.

7. Except as provided in this Order or with the prior written consent of the Producing Person, Confidential Material shall not be disclosed by a Receiving Person, directly or indirectly, to any person other than:

a. the Court and necessary Court personnel in this Action;

b. court reporters in this Action (and their support staff);

c. attorneys for any named party in this Action (and their staffs);

d. the named parties in this Action;

e. any expert or outside consultant retained to assist any party or party's counsel in this Action, and any support staff assisting such expert or consultant; and

f. any witness or person whom a named party intends, in good faith,

to call as a witness at any deposition, hearing or trial in this Action, and that person's attorneys, to the extent reasonably necessary to give his or her testimony.

8. Before a Receiving Person discloses Confidential Material to any person enumerated in paragraph 7 above (other than the Court and the signatories to this Stipulation), (a) the Receiving Person shall first advise such person of the existence of this Confidentiality Stipulation and Order, and (b) ensure that such person has signed a Confidentiality Acknowledgment in the form attached hereto as Exhibit A and provided such signed Acknowledgment to counsel to a party to this Action. Such counsel shall maintain the original Acknowledgments, which shall be produced upon agreement or order of the Court.

9. Nothing in this Order shall preclude a Receiving Person from disclosing Confidential Material in response to a subpoena or government request, or as may be required by law, but, in such event, the Receiving Person shall promptly notify the Producing Person.

10. In the event a Receiving Person discloses any Confidential Material to a person or entity who is not authorized to receive such Confidential Material under the terms of this Order, or uses Discovery or Confidential Material for a use other than this Action, the person who makes such disclosure shall provide written notice to the Producing Person, through their counsel, as soon as practicable after discovering that such disclosure has been made, including a brief description of the documents or information disclosed, the date of such disclosure and the identity of the person or entity to whom such disclosure was made. Nothing herein is intended in any way to permit such unauthorized disclosure or to relieve the Receiving Person of liability or penalty for

such unauthorized disclosure.

11. Except as provided in this Order or with the prior written consent of the Producing Person, all Discovery and Confidential Material produced in the Action shall be used by the Receiving Person solely for purposes of the Action.

12. Inadvertent production of any document or information that a Producing Person claims is subject to the attorney-client or other privilege or protected by the attorney work-product doctrine shall not be deemed a waiver of any claim of privilege or work-product protection as to such matter or as to any other matter. Upon written notice of such inadvertent production from the Producing Person, all copies of any such document or information shall promptly be returned to the Producing Person. Nothing herein shall be deemed to waive any applicable privilege or work-product protection.

13. Within 90 days following the conclusion of this Action, including any appeals, all Confidential Material, including copies, shall be returned to the Producing Person or shall be destroyed, unless otherwise agreed, in writing, by the Producing Party. If documents are destroyed, a written confirmation of such destruction shall be provided to the Producing Person. Notwithstanding the foregoing, outside counsel to any party to this Action may retain, and need not return or destroy, any Court papers or exhibits, deposition transcripts or exhibits, regularly maintained litigation files or other attorney work-product created for any party in this Action, including one file copy of any Confidential Material. Any Confidential Material that is not returned or destroyed pursuant to this Order, shall remain subject to the terms of this Order, which shall survive any final judgment in the Action.

14. This Order does not relieve any person and/or entity of any other

obligation of confidentiality that exists by virtue of any other agreement or law.

15. Restrictions under this Order on the use of Confidential Material shall not apply to documents or information available in the public domain or obtained by the Receiving Person from any third party lawfully entitled to make such disclosure.

16. Nothing in this Order shall preclude a Producing Person from disclosing, as it sees fit, to any person or for any purpose, documents and information that it has designated as Confidential Material.

17. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Producing Person consents in advance to such disclosure in writing or if the Court orders such disclosure upon good cause shown.

18. Any written notice pursuant to this Order shall be delivered by either faxing or emailing the notice to the undersigned counsel for the parties.

19. The terms of this stipulation shall constitute a binding agreement as between the parties hereto, and as between the parties and any persons signing the Confidentiality Acknowledgment, prior to and after entry of any Protective Order issued by the Court. The Court retains jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate or may consider upon motion of any party.

IT IS SO STIPULATED:

| WILLINGER, WILLINGER & BUCCI, P.C. | ROBINSON & COLE, L. P. |
|---|---|
| By:_____ Thomas W. Bucci Fed Bar #ct07805 855 Main Street Bridgeport, CT 06604 | By: [signature] Edward J. Heath / David S. Samuels Fed Bar # ct 20992   Fed Bar # ct24460 280 Trumbull Street Hartford, CT 06103-3597 |

obligation of confidentiality that exists by virtue of any other agreement or law.

15. Restrictions under this Order on the use of Confidential Material shall not apply to documents or information available in the public domain or obtained by the Receiving Person from any third party lawfully entitled to make such disclosure.

16. Nothing in this Order shall preclude a Producing Person from disclosing, as it sees fit, to any person or for any purpose, documents and information that it has designated as Confidential Material.

17. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Producing Person consents in advance to such disclosure in writing or if the Court orders such disclosure upon good cause shown.

18. Any written notice pursuant to this Order shall be delivered by either faxing or emailing the notice to the undersigned counsel for the parties.

19. The terms of this stipulation shall constitute a binding agreement as between the parties hereto, and as between the parties and any persons signing the Confidentiality Acknowledgment, prior to and after entry of any Protective Order issued by the Court. The Court retains jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate or may consider upon motion of any party.

IT IS SO STIPULATED:

| WILLINGER, WILLINGER & BUCCI, P.C. | ROBINSON & COLE, L. P. |
|---|---|
| By: _____ Thomas W. Bucci Fed Bar #ct07805 855 Main Street Bridgeport, CT 06604 | By: _____ Edward J. Heath / David S. Samuels Fed Bar # ct 20992  Fed Bar # ct24460 280 Trumbull Street Hartford, CT 06103-3597 |

Tel. (203) 366-3939
/s/ Delmer C. Gowing III, P.A.
101 S.E. 6th Avenue
Delray Beach, FL 33483
Tel. (561) 276-5003

Attorneys for Plaintiff

Tel. (860) 275-8297

Of Counsel:
SWIDLER BERLIN SHEREFF
 FRIEDMAN, LLP
    Andrew J. Levander
    Adam B. Rowland
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Tel. (212) 973-0111

Attorneys for Defendant