UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAPITAL MARKETS TRADING GROUP, LLC, | CIVIL ACTION NO. 3:02cv318(AVC) |
| Plaintiff, | |
| v. | |
| AIG INTERNATIONAL (BVI) LIMITED, | |
| Defendant. | MARCH 23, 2004 |

### AFFIDAVIT IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

I, Adam B. Rowland, being duly sworn, do hereby depose and say:

1. I am Of Counsel of the firm of Swidler Berlin Shereff Friedman, LLP, one of the counsel for Defendant. I submit this affidavit in opposition to the motion by Plaintiff Capital Markets Trading Group, LLC ("CMTG") for a protective order, dated March 16, 2004.

#### Plaintiff's Motion is Unnecessary

2. Plaintiff's motion seeks a protective to ensure that depositions are not taken during Plaintiff's counsel's vacation. The motion is unnecessary.

3. Before the motion, Defendant had agreed, multiple times, to reschedule the subject depositions so as not to interfere with Plaintiff's counsel's vacation, in writing:

   a. Exhibit A hereto contains a letter that we sent to Plaintiff's counsel, Thomas Bucci, on March 11, 2004, together with a notice of the depositions that Plaintiff's motion seeks to adjourn until after Plaintiff's counsel's deposition. The accompanying letter plainly states our willingness to adjust the deposition dates to suit the schedules of all concerned:

> We enclose a notice of depositions and subpoenas with dates in the remainder of March; as you discussed yesterday with Lou Solomon, we will adjust deposition dates to suit the schedules of all concerned with the Court's concurrence on extending discovery beyond March 31, 2004.

Plaintiff does not provide this pertinent letter to the Court with its motion.[1]

    b. <u>Exhibit B</u> hereto contains a letter that we sent to Mr. Bucci on March 12, 2004, regarding a number of scheduling matters. In that letter, we reiterated that we had every intention of rescheduling depositions to go forward after his return from vacation:

> I understand that Mr. Solomon and you concurred that both parties favor an extension of the discovery cut-off, with the intention of scheduling discovery to occur upon your return from vacation. With respect to any outstanding or future discovery requests, we will adjust the deposition dates set forth in the notices to suit the schedules of all concerned, subject to the Court's concurrence on extending discovery beyond March 31, 2004. Accordingly, we will not commence non-party depositions next week.

Plaintiff does not annex this letter to its motion.

### Plaintiff Did Not Confer With Defendant To Avoid This Motion

4.    Plaintiff's motion suggests that its counsel received a notice of deposition on March 15, 2004, and then filed its motion on March 16, 2004, after conferring with Defendant's counsel. However, to the best of this affiant's knowledge, on March 15 and on March 16 (when Plaintiff apparently filed the motion), Plaintiff's counsel did not disclose that Plaintiff intended to file this motion, much less confer with Defendant's counsel about the need for the motion.

5.    In connection with the Court's consideration of whether Plaintiff properly complied with the Court's rules regarding conferring in good faith (Court Rule 37(a)(2)), suffice

---

[1] The letter and notice were sent by telecopy and by regular mail to Mr. Bucci, and the telecopy confirmation is annexed as part of Exhibit A. Plaintiff's motion annexes only an additional notice for the identical depositions, which local counsel thereafter sent to Mr. Bucci on March 15, 2004.

it to say that Defendant already had advised Plaintiff that any noticed deposition dates during Plaintiff's counsel's vacation would be rescheduled, so that Plaintiff's suggestion that there was a need for this motion after conferring with Defendant is inaccurate.

### Plaintiff's Cooperation

6. Finally, we address Plaintiff's comment about the timing of Defendant's deposition of Plaintiff and of additional non-party discovery being pursued in light of Plaintiff's testimony on February 26, 2004. Plaintiff's comment is unnecessary for the current motion, and also is misleading:

7. Defendant had sought earlier depositions of Plaintiff's two named representatives, Mr. Tony O'Brien and Mr. Delmer C. Gowing, see Notice of Deposition, annexed hereto as Exhibit C, but Plaintiff stated that the dates on the Notice were unavailable.

8. Plaintiff then sought to delay Mr. Gowing's deposition until the last two weeks before the current discovery cut-off of March 31, 2004, claiming that he was unavailable until that time. Only after we notified Plaintiff that we would bring the matter to the Court's attention to compel attendance at an earlier date did Mr. Gowing agree to commence his deposition on February 26, 2004.

9. Mr. O'Brien's deposition also has been delayed. Instead of producing Mr. O'Brien for a deposition in response to Defendant's Rule 30(b)(6) deposition notice, Plaintiff claimed that Mr. O'Brien was "no longer part of CMTG" and that Plaintiff's counsel will not represent Mr. O'Brien at his deposition.

10. Defendant then spoke directly by telephone with Mr. O'Brien to schedule his deposition. Mr. O'Brien proposed and agreed to a two-day deposition in Connecticut on March

3

18-19, 2004, and further agreed to accept a subpoena to that effect by federal express (which was sent to him; copy of letter and subpoena annexed hereto as Exhibit D).

11. As the deposition dates approached, Plaintiff's counsel advised Defendant's counsel on March 10, 2004, that Mr. O'Brien had communicated with Mr. Gowing, and that Mr. O'Brien was not available on the dates to which he had previously agreed.

12. When my colleague Mr. Solomon and I then telephoned Mr. O'Brien, he confirmed that he would not appear on the scheduled dates. Mr. O'Brien thereafter did not return repeated telephone calls from Defendant's counsel seeking new dates.

13. Defendant's counsel then notified Plaintiff's counsel by letter that we would need to pursue Mr. O'Brien's deposition in Court if he did not cooperate. Mr. O'Brien then called us, stated that he had spoken with Mr. Gowing, and proposed rescheduling his two-day deposition in Connecticut on April 15-16 (after Mr. Bucci returns from vacation).

14. Unfortunately, Mr. Bucci informed us today by letter that he had spoken with Mr. Gowing concerning the dates proposed by Mr. O'Brien, and that those dates present a problem for Mr. Bucci's own schedule. See Exhibit E. Defendant does not propose alternate dates.

15. As in the past, Defendant intends to continue to communicate with Plaintiff's counsel in good faith in an effort to schedule depositions.

_____
Adam B. Rowland

Subscribed and sworn to this
23rd day of March, 2004 before me

_____
Notary Public
My commission expires:

DONNA R. [illegible]
NOTARY PUBLIC, State of New York
No. 01-4730372
Qualified in New York County
Commission Expires 8/31/06

4