UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAPITAL MARKETS TRADING GROUP, LLC, | CIVIL ACTION NO. 3:02cv318(AVC) |
| Plaintiff, | |
| v. | |
| | MAY 26, 2004 |
| AIG INTERNATIONAL (BVI) LIMITED, | |
| Defendant. | |

## MOTION TO REVISE SCHEDULING ORDER AND FOR OTHER RELIEF

Defendant AIG International (BVI) Limited respectfully moves this Court for an Order (1) revising the Scheduling Order in this action to provide for a new discovery cut-off of September 15, 2004, and (2) dismissing this action in the event that an attorney does not enter an appearance for Plaintiff on or before June 14, 2004, on the following grounds:

### I. Revision of Scheduling Order

1. Defendant respectfully requests that the time to complete discovery in this action be extended until September 15, 2004, and that the remaining dates be adjourned accordingly to Monday, October 18, 2004, for all motions except motions in limine; to Monday, November 22, 2004, for the pretrial order, pursuant to which the parties would file a joint trial memorandum; and to Monday, December 13, 2004, for the trial ready date.

2. On May 12, 2004 plaintiff's counsel, Attorney Bucci, filed a motion to withdraw as Plaintiff's counsel, and the Court granted that motion on May 13, 2004 by Endorsement Order. See Exhibit A ("Withdrawal Order"). To our knowledge, Plaintiff is currently without any counsel-of-record in this action.

3.      On May 17, 2004, Plaintiff, through its officer, Delmer C. Gowing, advised Defendant's counsel that Attorney Bucci would be re-entering the case as counsel for Plaintiff. On May 18, 2004, Defendant's counsel telecopied a letter to Attorney Bucci seeking clarification on his re-appearance and, inter alia, proposing a joint motion to extend the discovery cut-off, since both parties had expressed interest in additional discovery beyond the current cut-off of May 31, 2004. See Exhibit B. When we did not receive a response, we requested that Attorney Bucci clarify his position. See Exhibit C. In a reply letter dated May 21, 2004, Attorney Bucci stated that he had not yet determined whether he would re-enter the case and, assuming he re-entered the case, he did not object to extending the discovery cut-off. See Exhibit D. After not hearing further clarification on Attorney Bucci's possible re-appearance as promised, Defendant's counsel then telecopied a letter to Attorney Bucci and Plaintiff directly (via Mr. Gowing) on May 25, 2004, seeking a response on his status and confirming that plaintiff consented to the extension of the discovery cut-off, even if Mr. Bucci did not re-enter the case; the letter stated that if we did not hear otherwise prior to the close of business today we would assume that Plaintiff consents to extend the discovery cut-off. See Exhibit E. At this hour, we have not received any indication that Plaintiff disagrees with the view of Attorney Bucci to extend the discovery cut-off.

4.      The parties have made past joint requests to revise the Scheduling Order in this action, and in the time period to date have conducted substantial discovery, which is still ongoing on significant matters. The parties have exchanged written document requests, interrogatories and requests to admit, and responses have involved the production of a large number of documents. Since the prior extension, the parties have cooperated in taking lengthy depositions, and subpoenas have sought and obtained substantial additional document productions by non-

parties.

5.    However, party depositions are continuing, additional document and non-party discovery is being pursued in light of recent testimony, and some complications continue in coordinating discovery of out-of-state and overseas witnesses. Prior to Attorney Bucci's withdrawal, the parties were attempting to schedule cooperatively the remaining depositions of non-party witnesses located outside of the state, and Plaintiff's lack of an attorney in this action has already required Defendant to consent to adjourn multiple non-party depositions that had been noticed. In addition, new facts have come to light – including new litigation against the Plaintiff and its two key witnesses, Messrs. Gowing and O'Brien (and their close associates, including Philip A. Torre) – which have led Defendant to pursue new discovery of Plaintiff and non-parties. Accordingly, the parties (by all appearances, including plaintiff) desire additional time to complete discovery before any motions for summary judgment and/or other pretrial proceedings.

6.    The proposed revised schedule extends the discovery cut-off until mid-September recognizing that (a) some time in the schedule has been lost, and will be lost in the coming weeks, while Plaintiff seeks to secure counsel (and while new counsel studies the case), and (b) coordinating discovery in the coming summer months likely will be hampered by vacations and other personal needs of the parties, non-party witnesses and counsel.

## II. Conditional Dismissal of Action

7.    To date, Defendant has waited patiently while Plaintiff attempts to determine who will represent it in this action. However, the failure by Plaintiff to secure counsel has prevented discovery and other proceedings, and is causing prejudice to Defendant.

8.    Given the Withdrawal Order, see Exhibit A, Plaintiff is currently without counsel.

and cannot pursue this action without an appearance by an attorney as counsel-of-record; Plaintiff cannot appear pro se. E.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Osborn v. Bank of United States, 22 U.S. 738, 830 (1824) ("[a] corporation ... can appear only by attorney" ); Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d. Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel. Banks could not represent the corporation, pro se."); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("[I]t is well established that a layperson may not represent a corporation. . . . We have also held that a layperson may not represent a partnership.") (internal citations omitted); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (citations omitted) ("Although 28 U.S.C. § 1654 (1976) provides that '[i]n all courts of the United States, the parties may plead and conduct their own cases personally or by counsel," it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se."); Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d at 426, 427 (2d Cir. 1967) ("Since, of necessity, a natural person must represent the corporation in court, we have insisted that that person be an attorney licensed to practice law before our courts." (additional citations omitted)).[1]

9. Defendant respectfully requests that the Court enter an Order requiring Plaintiff to secure new counsel-of-record to enter an appearance in this case within 30 days after the

---

[1] See also Jones, supra ("The reasons for requiring that an attorney appear . . . are principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims. See Model Code of Professional Responsibility DR 7-102(A) (1 & 2) (1976).")

Withdrawal Order dated May 13, 2004 (i.e., on or before Monday, June 14, 2004), and, if an appearance has not been entered by that date, dismissing the action on that date. Such an Order is appropriate in these circumstances, recognizing that it is the Plaintiff that has chosen to pursue this action and should be required to proceed forthwith under penalty of dismissal.

DEFENDANT,

AIG INTERNATIONAL (BVI) LIMITED

By: _____

Andrew J. Levander (Fed. Bar # ct01155)
Louis M. Solomon (Fed. Bar # ct08481)
Adam B. Rowland (Fed. Bar # ct07595)
SWIDLER BERLIN SHEREFF
  FRIEDMAN, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York   10174
Telephone: (212) 973-0111

Edward J. Heath (Fed. Bar # ct20992)
ROBINSON & COLE, L.P.
280 Trumbull Street
Hartford, Connecticut   06103-3597
Telephone: (860) 275-8200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by telecopy and by U.S. Mail this 26th day of May, 2004, to:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci
855 Main Street, Bridgeport, CT 06604
telecopy: 203-337-4588

Capital Markets Trading Group, LLC
c/o Delmer C. Gowing, III, Esq.
101 South East 6th Avenue
Delray Beach, Florida  33483
telecopy: 561-276-5003

_____
Adam B. Rowland

575906v2