# SWIDLER BERLIN SHEREFF FRIEDMAN, LLP

ADAM B. ROWLAND
DIRECT DIAL: (212) 891-9230
FAX: (212) 891-9519
ABROWLAND@SWIDLAW.COM

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NY 10174
TELEPHONE (212) 973-0111
FACSIMILE (212) 891-9598
WWW.SWIDLAW.COM

THE WASHINGTON HARBOUR
3000 K STREET, NW, SUITE 300
WASHINGTON, DC 20007-5116
TELEPHONE (202) 424-7500
FACSIMILE (202) 424-7647

May 18, 2004

**VIA FACSIMILE**
Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci
855 Main Street
Bridgeport, CT   06604

      Re:    Capital Markets Trading Group, LLC v. AIG
                International (BVI) Limited: Index No. 3:02cv 318 (AVC)

Dear Mr. Bucci:

      At the deposition of Mr. Gowing yesterday, Mr. Gowing advised that you had agreed to continue representing CMTG in this litigation and that you were withdrawing your motion to withdraw as counsel of record or, if an order had been issued granting your motion to withdraw, you would be entering a new appearance. We understand that the Court granted your motion to withdraw. Accordingly, if you are re-entering an appearance, please do so promptly. Assuming you are re-entering the case, several matters need tending:

      1. <u>Mr. Gowing's refusal to answer questions at his deposition.</u> At Mr. Gowing's deposition yesterday, Mr. Gowing stated that he would not answer certain types of questions, and specifically declined to respond to a number of specific questions concerning the handling of funds by CMTG and its managers (Mr. Gowing and Mr. O'Brien), and that plaintiff was objecting on grounds of "relevance." He stated that he had discussed this with you and you were "comfortable" with this position. We want to confirm that you concur in CMTG's position, before we proceed to Court. It appears that there have been significant issues with respect to the handling of funds by plaintiff and its managers, and that this bears on the good faith assertion of allegations in the Complaint, the damages at issue, the credibility of the plaintiff and its managers concerning what funds were "stolen" and by whom, and other matters, such as the true purpose of the underlying transaction. The inquiries into the origin and disposition of the funds sent to CMTG, including the funneling of such funds, directly or indirectly, into the hands of Messrs. Gowing, O'Brien and Torre and possibly others, is plainly relevant to the defense of this action, and certainly comes within the scope of discovery permitted by the Federal Rules. We intend to press questioning in these areas, and explained to Mr. Gowing that his refusal to answer

574998v1

Thomas W. Bucci, Esq.
May 18, 2004
Page 2

questions yesterday would require scheduling another deposition date for his continued deposition. Please let us know whether this matter needs to be addressed to the Court, or whether further questioning in these areas will be permitted without objection. If further questioning will be permitted, please let us know when Mr. Gowing will return for his continued deposition.

    2. <u>Mr. O'Brien's refusal to answer questions.</u> As you know, Mr. O'Brien refused to answer numerous questions at his deposition last week, also apparently based on a purported relevance objection. We intend to press for answers by Mr. O'Brien at a continued deposition. If you and Mr. Gowing have any suggestion about how to proceed, without necessitating motion practice, please let us know. We make this request recognizing that you have made clear that you do not, and will not, represent Mr. O'Brien; nonetheless, it appears that plaintiff (via Mr. Gowing) and Mr. O'Brien continue to communicate and coordinate regarding this case and that Mr. O'Brien is still affiliated with the plaintiff.

    3. <u>The Gowings' refusal to produce subpoenaed documents.</u> Mr. Gowing also stated that he and his wife were not producing <u>any</u> documents in response to the subpoenas duces tecum, for which you agreed to accept service on their behalf, including personal and business tax returns that would show what funds were reported as income, compensation or distributions from CMTG and other pertinent information. He said you were going to provide written objections to the subpoenas; we have not received such objections. Insofar as you have not objected, please produce responsive documents forthwith.

    4. <u>CMTG's supplemental document productions.</u> When we arrived for Mr. O'Brien's deposition last week, CMTG produced three files of documents. When we arrived for Mr. Gowing's deposition, CMTG produced another document. We are concerned that CMTG is "finding" new documents at this late date that were requested long ago. We are also concerned that productions by third parties that have been subpoenaed include documents from or to CMTG and its managers, but these documents have not been produced by CMTG in its production. If you have not done so in the past, we would request that you work with your client to ensure that any additional documents requested from CMTG in the original Document Requests or follow-up letters are produced forthwith in accordance with the Federal Rules or provide a statement that CMTG's production is complete.

    5. <u>Recent activity.</u> At Mr. Gowing's deposition, he referred to four cases involving CMTG, Mr. O'Brien and/or Mr. Gowing with recent activity. We would appreciate the following documents in relation to those litigations:

        a. One of CMTG's owners has sued CMTG, Mr. Gowing, Mr. O'Brien and Mr. Torre, claiming fraud. Mr. Gowing claimed that a motion to dismiss had been filed on Thursday. Please provide all documents concerning that litigation.

        b. Mr. Gowing has referenced the criminal conviction of persons in a transaction in which he had some involvement, and that a court-appointed receiver of one of the convicted persons has sued Mr. Gowing, claiming fraud. Mr. Gowing claimed he recently received two letters bearing on his role or lack of a role in the underlying criminal transaction. Please produce

574998v1

Thomas W. Bucci, Esq.
May 18, 2004
Page 3

those letters. Mr. Gowing also asserted that certain claims in the receiver's action against him had been dismissed in the last few months, and that the dismissal was not on personal jurisdiction grounds. Please produce the document concerning the dismissal of claims, as well as all documents concerning that litigation, including documents relating to Mr. Gowing's handling of funds and involvement in the transactions at issue in that litigation.

        c. CMTG recently produced copies of checks drawn on a CMTG bank account, and Mr. Gowing testified that the checks were produced in a divorce litigation pending against Mr. O'Brien in Ohio and sent to him by an attorney in Ohio (the checks were marked as an exhibit at Mr. O'Brien's deposition last week). Please produce all other documents relating to that litigation, including documents concerning any financial matter, and concerning the house that was allegedly purchased by Mr. O'Brien in CMTG's name using CMTG funds.

        d. Mr. Gowing testified yesterday that he was scheduled for a hearing during the summer in a case that CMTG is pursuing against Joseph Hurst, relating to a check for $800,000 that was sent to Mr. Hurst by CMTG in January 2001. Mr. Gowing testified that he is the lawyer for CMTG handling the case, and that CMTG was now seeking to recover the $800,000. CMTG produced some documentation concerning its dealings with Mr. Hurst, but apparently not all. Please produce the complaint and all other documents concerning the case against Mr. Hurst.

      6. <u>CMTG's request to reschedule Ms. Reed's deposition.</u> After the deposition yesterday, Mr. Gowing asked if Ms. Reed was still available for the date we had proposed for her deposition (May 24), and asked if we would work to reschedule that deposition since it conflicts with an arbitration that he has. We have alerted Ms. Reed that the date will be rescheduled. Please let us know what subsequent date you propose. After we receive available dates from you, we will attempt to coordinate with Ms. Reed and to contact Mr. Candon.

           \*        \*        \*

In light of the current status of discovery, including the fact that discovery is proceeding more slowly than anticipated, we are prepared to extend the discovery cut-off by joint motion. Please confirm that you concur, and we will distribute a draft motion to you as in the past.

Very truly yours,

Adam B. Rowland

ABR:mas

cc:    Louis Solomon, Esq.
        Edward Heath, Esq.

574998v1